[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-12593
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 31, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-00387-CR-T-24MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE NIVER CANGA MINA,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(May 31, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Jose Niver Canga Mina appeals his 108-month concurrent sentences imposed after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. App. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction, in violation of 46 U.S.C. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii).  No reversible error has been shown; we affirm.

Mina challenges the district court's denial of his request for a minor role reduction, U.S.S.G. § 3B1.2(b).[1]  He contends that he only was a crew member on a "go-fast" boat carrying 600 kilograms of cocaine, that he had no ownership interest in the drugs, that he was paid little compared to the drug value, and that more persons were involved in the drug smuggling venture than just the boat crew.

We review for clear error the district court's determinations about  a defendant's role in an offense.  See United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002).  The defendant bears the burden of establishing a mitigating role in the offense by a preponderance of the evidence.  Id.

---

[1]Mina also contends for the first time on appeal that he was entitled to a minimal role reduction, § 3B1.2(a).  As the district court did not err in refusing Mina's request for a minor role reduction, we reject Mina's argument about receiving no minimal role reduction.

Sentencing courts should consider two principles when determining the defendant's role in the offense: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." United States v. DeVaron, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

The district court committed no clear error in determining that Mina's role in the offense was more than minor. Mina's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 600 kilograms of cocaine seized from the boat. Mina offered no evidence that his participation as a crew member was minor compared to the other crew members on the boat, apart from the captain, whom the district court indicated would receive a role enhancement. The government's fact proffer at the plea colloquy showed that, after a Coast Guard helicopter attempted to contact the go-fast boat, the boat sped away, and the crew members, including Mina, dumped 30 20-kilogram bales of cocaine overboard.

And the district court correctly pointed to the large drug quantity in denying the minor role reduction. See De Varon, 175 F.3d at 943 (amount of drugs imported is "material consideration" in assessing defendant's role in his relevant conduct). Also, the district court stated that Mina was being held accountable only

3

for the amount of cocaine on the go-fast boat. Thus, Mina's argument about a larger conspiracy is not pertinent to whether he was a minor participant in the charged conspiracy. See DeVaron, 175 F.3d at 944. We see no error in the district court's refusal to apply a minor role reduction.

AFFIRMED.